WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dean Joseph Woodburn, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 01-2525 PHX NVW (VAM) |
| | ) | |
| Terry L. Stewart, et al., | ) | ORDER |
| | ) | |
| Respondents. | ) | |

    Pending before the Court is disposition of this matter following remand from the Ninth Circuit Court of Appeals for possible factual development and determination of petitioner's claim to equitable tolling of the statute of limitations due to his contention he was mentally incompetent during the period the statute of limitations ran (between December, 2000 and December, 2001).

    Pursuant to the Court's orders, (Docs. 60 and 75), petitioner filed two statements outlining the basis for his equitable tolling claim and stating what evidence he expected to present should his request for an evidentiary hearing be granted. (Docs. 61 and 76). Petitioner also seeks an evidentiary hearing on his substantive claim that he was not competent to enter a guilty plea in 1998. (See Doc. 61 at p. 9; see also Doc. 11 at p. 6). Petitioner further requests that his counsel on appeal, Anders

Rosenquist, be appointed to represent him during proceedings before this Court on remand. (See Doc. 61 at p. 9). Respondents filed a response opposing equitable tolling as well as an evidentiary hearing on this issue. (Doc. 71).

Standards for an evidentiary hearing in section 2254 cases are restrictive. 28 U.S.C. § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct." Subsection (e)(2) provides that if the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the issue unless he or she shows:

**(A)** the claim relies on -

    **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and

**(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In this case, on the question of equitable tolling, the factual predicate underlying the claim could not have been discovered while petitioner's claims were pending in state court. The period at issue (December 2000 - December, 2001), necessarily came at the conclusion of state court proceedings. In fact, the issue was not even raised until petitioner appealed this matter to the Ninth Circuit Court of Appeals following the District Court's denial of his habeas petition. Therefore, petitioner could not

have raised the question of mental competency during the time the statute of limitations on his federal claims ran (December, 2000 - December, 2001) in state court.  In addition, if petitioner's claim of mental incompetence during this time frame is accepted, his failure to file a timely federal petition is due to "extraordinary circumstances beyond his control," that "if true, entitle him to equitable tolling."  See Roy v. Lampert, ___ F.3d ___, 2006 WL 1897100 (9th Cir. (Or.) July 12, 2006) (citing Calderon v. U.S. District Court ("Beeler"), 128 F.3d 1283, 1288; Laws v. LaMarque, 351 F.3d 919 (9th Cir. 2003), respectively).

The Court directed that petitioner file a statement explaining what evidence he hoped to present at an evidentiary hearing to establish he was incompetent during the time the limitations period ran.  (Doc. 75).  Petitioner filed a statement explaining that, in addition to his own testimony, he will provide testimony and letters from Thomas N. Thomas, M.D.  (Doc. 76 at p. 2).  In addition, petitioner states that if an evidentiary hearing is held he "would be able to request funds to have another independent evaluation of his psychological condition."  (Id.).  Because the Court believes that a sufficient question exists and notes that no evidentiary hearing has been held on this issue, the motion will be granted.

Petitioner also requests that he be permitted an evidentiary hearing on his underlying claim he was not competent to plead guilty (Ground II of the amended habeas petition).  In the amended petition, petitioner argues that his constitutional rights were violated because his guilty plea was not knowing, intelligent and

3

voluntary due to his mental state. (See Doc. 11 at p. 6). Petitioner also alleges his counsel rendered ineffective assistance because he failed to request a competency hearing to determine if he was competent to enter a plea (Ground I). (See id. at p. 5).

Nothing in the record indicates petitioner was given an evidentiary hearing on the question of whether he was mentally competent to enter a guilty plea in July, 1998 (Ground II). Indeed, he contends counsel was ineffective for failing to request a competency evaluation. (See Doc. 11 at p. 5 (Ground I)). The Court believes a sufficient question of fact exists relative to Ground II of his amended petition to permit an evidentiary hearing.[1]

Furthermore, the interests of judicial economy will be best served by considering the substantive question of his ability to plead guilty in 1998 along with the issue of his mental competence during the period the statute of limitations was running. Otherwise, if petitioner prevails on his equitable tolling claim, a second evidentiary hearing on his underlying claim of mental competency to enter a guilty plea would likely be necessary.

The Court notes that the habeas record is not complete. Although respondents have included copies of state court orders disposing of his Rule 32 petitions, respondents have not included

---

[1] In addition, attached to his statement, petitioner has included two letters from Dr. Thomas dated December 2, 1994 and January 26, 1997, in which Dr. Thomas opines that petitioner was not at those times, competent to participate in his own defense due to his bipolar disorder. (See Doc. 61 at Exhibits A and B).

4

copies of petitioner's actual petitions and briefs in support as well as the State's responses thereto. Petitioner states, and the trial court indicated in its order denying Rule 32 relief, that petitioner's habeas claims were raised in state court. (See Doc. 11 at pp. 5,6; Doc. 35, Exhibit C at p. 1). Nevertheless, under Rule 5(d)(1) and (2) of Rules Governing Section 2254 Cases, the petitions and briefs filed by petitioner in his Rule 32 proceedings (both in the trial court and on review to state appellate courts) and the State's responses thereto should be included in the record.

Further, although nothing in the record indicates any type of competency hearing or request for such a hearing in the state court, if in fact, counsel did request a competency hearing and/or a hearing was held, the motions and the transcript of any such hearing should also be included. Absent such documentation, the Court will accept petitioner's contention he had no such hearing and counsel failed to request such a hearing.

In addition, because respondents addressed both the substance of petitioner's habeas claims and the issue of equitable tolling in their response, (Doc. 71 at pp. 13-30), petitioner will be granted additional time to file a reply to respondents' arguments on the substance of his habeas claims. The Court previously denied petitioner's request to file a reply as premature. (See Docs. 72 and 75).

Finally, in his first statement, petitioner requested that his counsel on appeal, Anders Rosenquist, be appointed to represent him in proceedings on remand. (Doc. 61 at p. 9). In

5

light of the Court's decision to grant his request for an evidentiary hearing and in light of the language of Rule 8(c), Rules Governing Section 2254 Cases, providing that "[i]f an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for appointment of counsel under 18 U.S.C. § 3006A(g)", this motion will be granted. Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.) ("Section 3006A(g) provides that counsel may be appointed for an impoverished habeas petitioner whenever 'the court determines that the interests of justice so require ...'  Such appointment of counsel becomes mandatory, when an evidentiary hearing is required."), cert. denied, 469 U.S. 838 (1984); see also Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994), cert. denied, 513 U.S. 857 (1995) ("If a district court conducts an evidentiary hearing on the petition, the interests of justice require that the court appoint counsel for the petitioner.").

**IT IS THEREFORE ORDERED** that petitioner's Request for an Evidentiary Hearing on his claim of mental incompetency with respect to tolling of the statute of limitations, as well as his underlying claim his 1998 guilty plea was invalid because he was not mentally competent at that time (Ground II of the amended habeas petition) is granted. The hearing shall be set for Monday, September 18, 2006, beginning at 9:30 a.m.  The Court will issue a writ for petitioner's appearance at the evidentiary hearing.

**IT IS FURTHER ORDERED** that respondents shall have 20 days from the date of filing of this order to file additional documentation pursuant to Rule 5 of the Rules Governing Section

2254 Cases (including copies of any Rule 32 petitions and petitions for review filed by petitioner, as well as responses thereto filed by the State), and any motions and/or hearing transcripts indicating petitioner's counsel sought and/or obtained a hearing on petitioner's competency to plead guilty.

**IT IS FURTHER ORDERED** that petitioner shall have 20 days from the filing of this order to file a reply to respondents response (Doc. 71) addressing the substance of his habeas claims.

**IT IS FURTHER ORDERED** that Anders Rosenquist, Esq., be appointed pursuant to 18 U.S.C. § 3006A(g) to represent petitioner in these proceedings.

DATED this 26th of July, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge