WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
Dean Joseph Woodburn,            )
                                 )
            Petitioner,          )
                                 )
      v.                         )    CV 01-2525 PHX NVW (VAM)
                                 )
Dora Schriro, et al.,            )    ORDER
                                 )
            Respondents.         )
```

Pending before the Court is petitioner's "MOTION TO REQUEST FUNDS FOR PSYCHOLOGICAL EVALUATION." (Doc. 80).

In support of his motion, petitioner states he is indigent and that his assigned counsel is CJA appointed. He anticipates the cost of a psychological evaluation will exceed $300.00. Petitioner notes the Court ordered an evidentiary hearing in this matter to determine his mental competence and contends "he needs to hire a psychologist to travel to the Arizona State Prison - Lewis and conduct a psychological evaluation." He further notes that "[t]he psychologist who previously provided letters in this case cannot be located." (Doc. 80 at p. 1).

18 U.S.C. § 3006A(e) provides:

> **(1) Upon request.** - Counsel for a person who is financially unable to obtain investigative, expert, or other services *necessary for adequate representation* may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, *that the services are necessary* and that

1 |          the person is financially unable to obtain them the
2 |          court, or the United States magistrate judge if the
  |          services are required in connection with a matter over
3 |          which [she] has jurisdiction, shall authorize counsel
  |          to obtain the services.  (Emphasis added).

In <u>Bonin v. Calderon</u>, 59 F.3d 815 (9th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1051 (1996), <u>rehearing denied</u>, 516 U.S. 1142 (1996), the court held that "'[t]he decision to grant or deny a request for investigative services under § 3006A(e) is committed to the discretion of the trial court, and will be overturned on appeal only for an abuse of discretion.'" <u>Bonin</u>, 59 F.3d at 837.

In the Court's order granting an evidentiary hearing, the Court confined the issues to be determined to petitioner's mental competency during the period the statute of limitations ran (December, 2000 - December, 2001), and his mental competency at the time he pleaded guilty in 1998.  Assuming petitioner is indigent, he has failed to demonstrate that a psychological evaluation now will provide information relevant, let alone necessary, to the issue of his mental competency in 1998 or 2000-2001.

**IT IS THEREFORE ORDERED** that petitioner's "MOTION TO REQUEST FUNDS FOR PSYCHOLOGICAL EVALUATION" (Doc. 80) is denied.

DATED this 25th day of August, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge

2