1
2
3
4
5
6      IN THE UNITED STATES DISTRICT COURT
7         FOR THE DISTRICT OF ARIZONA
8
9  Dean Joseph Woodburn,           )   No. CV 01-2525 PHX-NVW (VAM)
                                   )
10             Petitioner,          )   **ORDER**
                                   )
11  vs.                             )
                                   )
12                                  )
    Dora B. Schriro,                )
13                                  )
               Respondent.          )
14                                  )
                                   )
15

Before the court are Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. # 11), United States Magistrate Judge Virginia Mathis's Report and Recommendation (Doc. # 98), and Petitioner's Objection to the Magistrate's Report and Recommendation (Doc. # 99).

The court has considered Petitioner's objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made). The court has read the transcript of the September 27, 2006 evidentiary hearing before Magistrate Judge Mathis and has considered the exhibits admitted in evidence therein. The court agrees with the Magistrate Judge's determinations, accepts her recommended decision within the meaning of Fed. R. Civ. P. 72(b), and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that

1 the district court "may accept, reject, or modify, in whole or in part, the findings or
2 recommendations made by the magistrate").

3       The court adopts the Magistrate Judge's Report and Recommendation, including her
4 credibility determinations, and adds the following points only as a matter of emphasis.
5 Petitioner was actively and personally involved in litigating both a different habeas corpus
6 petition and a civil rights action in this court during the time (December 2000 through
7 December 2001) that he now contends he was mentally incompetent to timely bring this
8 petition. His contention that jail house lawyers were doing the work falls far short of mental
9 incompetency, as he admits that he read, signed and filed the papers he says were written by
10 his helpers. He further admits that he was giving his helpers "information to put in the
11 documents," and also that the jail house lawyers "had my court transcripts that I had and they
12 were going through them with me." (Tr. 58, Sept. 27, 2006.)

13       The court does not find and does not take the Report and Recommendation as
14 determining that Petitioner wholly lacked assistance, whether in composing, typing or
15 handwriting the court papers filed in the other habeas and civil rights cases. (Doc. # 98 at
16 12.) His testimony that papers in his own handwriting were copied from the work of others
17 is not credible. (Doc. # 98 at 13 ¶ 3.) This court also disbelieves his testimony that he did
18 not draft the documents that he signed in those actions, if by that he means that he did not
19 understand their content and actively participated in their creation. (*Id.*) That he had help
20 from others in the drafting of some documents does not show mental incompetency. Rather,
21 his active participation and understanding of the documents proves his competency.

22       Petitioner lacks credibility as a witness, as the Report and Recommendation details.
23 His testimony that he was mentally incompetent for nine years and, more specifically, from
24 December 2000 through December 2001, is unworthy of belief. His own actions in that
25 critical year show understanding and purpose wholly inconsistent with mental incompetency.
26       IT IS THEREFORE ORDERED that the Report and Recommendation of Magistrate
27 Judge Mathis (Doc. # 98) is accepted.
28

1    IT IS FURTHER ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. # 11) is denied and dismissed with prejudice.

IT IS FURTHER ORDERED that the clerk shall enter judgment accordingly and terminate this action.

DATED this 4th day of December 2006.

_____
Neil V. Wake
United States District Judge